1  ISMAIL J. RAMSEY (CABN 189820)
   United States Attorney
2
   MARTHA BOERSCH (CABN 126569)
3  Chief, Criminal Division

4  ELI J. COHEN (NYBN 5539226)
   Special Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-7443
7       FAX: (415) 436-7234
        Eli.Cohen@usdoj.gov
8
   Attorneys for United States of America
9
                   UNITED STATES DISTRICT COURT
10
                 NORTHERN DISTRICT OF CALIFORNIA
11
                      SAN FRANCISCO DIVISION
12

13  UNITED STATES OF AMERICA,            )   **CASE NO. 3:24-MJ-71520 MAG PHK**
                                         )
14        Plaintiff,                     )   **MEMORANDUM IN SUPPORT OF UNITED**
                                         )   **STATES' MOTION FOR DETENTION**
15     v.                               )
                                         )   Date: October 28, 2024
16  DONTE MARK MOORE,                   )   Time: 10:30 a.m.
                                         )   Court: Hon. Peter H. Kang
17        Defendant.                     )
    _____)
18

19

20                        **INTRODUCTION**

21         The United States respectfully requests that the Court order Defendant Donte Mark Moore

22  ("Moore") detained pending trial in this matter. Moore is charged with one count of Felon in Possession

23  of a Firearm and Ammunition in violation of 18 U.S.C. § 922(g)(1), for which he faces a maximum

24  penalty of 15 years imprisonment.  On or about October 7, 2024, in the Tenderloin neighborhood of San

25  Francisco, CA, police recovered from Moore's person, namely his front hooded-sweatshirt pocket, a

26  Glock Model 17 Gen 5 firearm loaded with twenty-two (22) rounds of nine-millimeter ammunition.

27  Moore is currently on probation out of Contra Costa County for a 2023 conviction for California Penal

28  Code ("PC") § 29900(a)(1) – Felon in Possession of a Firearm and is the subject of a probation warrant.

UNITED STATES' DETENTION MEMO          1
3:24-MJ-71520 MAG PHK

He was convicted of PC § 211 Robbery in the Second Degree in 2017, 18 U.S.C. § 922(g)(1) in 2012, and convicted three times between 2009 and 2011 of Transportation/Sale of a Controlled substance under the California Health & Safety Code ("HS").  He has been engaged in criminal activity since at least the age of 15 and has various probation and supervised release violations.

Moore presents both a danger to the community and a risk of flight that no condition or set of conditions can mitigate.  As discussed below, factors enumerated in 18 U.S.C. § 3142(g) weigh strongly in favor of pretrial detention.  Therefore, to safeguard the community and ensure Moore's appearance at trial, the government request that this Court order Moore detained pending trial.

## FACTUAL AND PROCEDURAL BACKGROUND

### I.    Moore's Criminal History

Moore, age 35, has a recorded criminal history that spans almost 20 years.  It began as early as 2005, when he was just 15 years old.  He was arrested in April of that year, suffered a sustained position for possession of a controlled substance, and was sentenced to 36 months probation, programming, and a fine.  In August 2005 he was arrested again, this time for assault on a school employee; that case ultimately resulted in Moore suffering a sustained petition for Battery and again receiving a sentence of probation, programming, and a fine.  In 2007 he suffered a sustained petition for obstruction/resisting and was sentenced to probation and a fine.  Moore's first adult conviction came in July 2009 for HS § 11352(a) Transportation/Sale of a Controlled Substance; he received a sentence of six months jail, three years probation, and a fine.  That conviction arose from a March 2009 incident that occurred in the Tenderloin neighborhood of San Francisco. Moore worked in concert with at least two other people, including a 15-year-old female listed as an "at risk runaway" to sell crack-cocaine.  Under three months later, in October 2009, he was again convicted of Transportation/Sale of a Controlled Substance, relating to an incident in December 2008, and this time sentenced to 360 days jail and five years probation.  Less than a year-and-a-half later, in January 2011, Moore was again convicted of Transportation/Sale of a Controlled substance, again for crack-cocaine, and received a sentence of 115 days jail and three years probation.

Less than a month later, on or about February 3, 2011, Moore was caught with a loaded .22 caliber revolver at the Powell Street BART station in San Francisco.  He ultimately pled guilty to one

count of 18 U.S.C. § 922(g)(1) and was sentenced to a term of 70 months imprisonment and three years supervised release on March 1, 2012.[1]  On July 13, 2016, Moore was again arrested, this time for PC § 211 Robbery in the Second Degree.  He was convicted on March 13, 2017, and sentenced to five years imprisonment.  In December 2022, while he was still on federal supervised release, Moore was pulled over for speeding by Pittsburg Police, who discovered a loaded, unregistered handgun in his car.  In February 2023, he was convicted of PC § 29900(a)(1) Felon in Possession of a Firearm and sentenced to 364 days jail and two years probation.  Moore was still under that probation supervision when he was arrested on October 7, 2024 in this case.

## II.   October 7, 2024 Incident

On or about October 7, 2024, at approximately 12:40 p.m., officers from the San Francisco Police Department Crime Gun Investigations Center ("CGIC") were driving through the intersection of Eddy and Taylor Streets in the Tenderloin neighborhood of San Francisco when they observed Moore ride past them on a scooter.  Officers observed a firearm magazine protruding from Moore's front-hooded sweatshirt pocket.  Officers began surveilling Moore and observed that there was a weighty "L" shaped object in his front hooded-sweatshirt pocket.  Based on their training and experience, the Officers believed the object was a firearm.

Officers continued surveilling Moore and observed him standing next to a parked car in front of 441 Ellis Street.  Officer Kenneth Anderson approached Moore and observed a firearm barrel in his front hooded-sweatshirt pocket.  Moore began to retreat, at which point Officer Andre Taylor stopped Moore and conducted a pat-down of his front hooded-sweatshirt pocket.  Based on his training and experience, Officer Taylor recognized what he felt as a firearm.  Officers Anderson and Taylor detained Moore and Officer Taylor likewise observed the barrel of a firearm in Moore's front hooded-sweatshirt pocket.

---

[1] Moore was found to have violated the terms of Supervised Release in December 2020 and sentenced to time served and 33 further months supervised release. That supervised release was revoked in September 2023, and he was sentenced to a further 18 months imprisonment. Oct. 25, 2024 Pretrial Services Report (Dkt. 8, p. 8-9).

1
2
3
4
5
6
7
8
9
10
11



12      Officer Taylor recovered a Glock Model 17 Gen 5 firearm with an extended magazine seated in

13 the well of the firearm's grip from Moore's front hooded-sweatshirt pocket.

14
15
16
17
18
19
20
21
22
23
24



25
26
27
28



The firearm and magazine together contained twenty-two (22) rounds of 9-millimeter caliber ammunition.



An expert from the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") in determining the interstate nexus of firearms and ammunition opined that both the firearm and ammunition traveled in and/or affected interstate and/or foreign commerce.

1    The firearm's slide is stamped "Austria," and the grip is stamped "Made in Austria – Glock, Inc.,

2    Smyrna, GA."

3    While being processed at the precinct by one of the transporting officers, Moore stated: "I

4    shoulda[sic] shot you n***as man.  I shoulda[sic] shot yo[ur] dumb ass."  Moore was charged with

5    various firearms-related offenses by the San Francisco County District Attorney.  The District

6    Attorney's Office dismissed its case after the United States Attorney's Office charged Moore.  Moore

7    appeared before this Court for the first time on October 24, 2024, and this Court ordered a detention

8    hearing to be held on October 28, 2024.

9                                              **LEGAL STANDARD**

10    Under the Bail Reform Act of 1984, the Court must detain a defendant before trial without bail

11    where "no condition or combination of conditions will reasonably assure the appearance of this person

12    as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1).  Detention is

13    appropriate where a defendant is either a danger to the community or a flight risk–the government need

14    not prove that both factors are present. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

15    A finding that a defendant is a danger to the community must be supported by clear and convincing

16    evidence, but a finding that a defendant is a flight risk need only be supported by a preponderance of the

17    evidence. *Id.*

18    "[T]he Bail Reform Act mandates an individualized evaluation guided by the factors articulated

19    in [18 U.S.C.] § 3142(g)." *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019).

20    Those factors are: (i) the nature and circumstances of the offense charged; (ii) the weight of the evidence

21    against the defendant; (iii) the history and characteristics of the defendant, including the defendant's

22    character, physical and mental condition, family and community ties, past conduct, history relating to

23    drug or alcohol use, criminal history, and record concerning appearance at court proceedings, as well as

24    whether the crime was committed while the defendant was on probation or parole; and (iv) the nature

25    and seriousness of the danger to any person or the community that would be posed by the defendant's

26    release. See 18 U.S.C. § 3142 (g); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

27    The Rules of Evidence do not apply at a detention hearing.  18 U.S.C. § 3142(f)(2)(B).  It

28    is well settled that at a detention hearing, the government may present evidence by way of an evidentiary

1 proffer sufficient to make the court aware of the defendant's role in an offense, the weight of the

2 evidence against the defendant, and other relevant factors. See, e.g., *United States v. Salerno*, 481 U.S.

3 739, 743 (1987).

### ARGUMENT

5 No condition or combination of conditions will reasonably assure both the safety of the

6 community and Moore's appearance as required.  *See* 18 U.S.C. § 3142(e)(1).

### I.      Moore is a Danger to the Community

8 Moore's extensive and violent criminal history, his repeated illegal possession of firearms, and

9 the facts of this case all work together to clearly and convincingly establish that he is an acute danger to

10 the community and a public menace.  The record before the Court establishes that Moore has been

11 engaging in violent crime since at least 2005, when he suffered a sustained petition for Battery.  He has

12 been convicted of *six* felonies since just 2009, including Robbery in the Second Degree[2] as recently as

13 2017 and illegal firearm possession in 2012 and 2023, and has spent most of the intervening 15 years in

14 custody.  When out of custody, Moore has unrelentingly continued engaging in felonious behavior.  As

15 noted in greater detail above, he evidently cannot abstain from serious criminality for any extended

16 period of time.  He has involved a minor in his felonious conduct, working with a 15-year-old runaway

17 to sell crack-cocaine.  In this case, he was riding around the Tenderloin with a loaded Glock in his

18 pocket, despite recently being released from custody and being on probation for a Felon in Possession of

19 a Firearm case.  While being processed by police, he expressed his seeming regret that he had not used

20 his firearm to shoot at officers ("I shoulda[sic] shot you n***as man.  I shoulda[sic] shot yo[ur] dumb

21 ass.")  Additionally, as noted in Moore's Pretrial Services Report filed on October 25, 2024 (Dkt. 8),

22 Moore's mother stated he has tried to "fight" her and has threatened her in the past, has a "bad temper,"

23 and has had dreams in the past that "told him" to wake up and kill his mother.[3]

24 Moore has demonstrated through his repeated conduct that he is a danger to the community.

### II.      Moore is a Flight Risk

26

---

27 [2] The Ninth Circuit has held that California Penal Code § 211 Robbery in the Second Degree is a categorical crime of violence for purposes of the U.S. Sentencing Guidelines. *United States v. Flores-Mejia*, 687 F.3d 1213, 1216 (9th Cir. 2012).

28 [3] Dkt. 8, p. 4.

Separately, Moore is a flight risk because: (i) he has a history of ignoring both the law and release conditions imposed on him, and (ii) the weight of the evidence is against him, there is a high likelihood of conviction in this case, and he is subject to lengthy prison sentence as a result.

First, Moore's persistent inability and/or unwillingness to comply with the law establishes his flight risk. He has an almost unbroken chain of criminality spanning his entire adult life. He has consistently committed serious and violent crime while under some form of court supervision, be that probation or supervised release. He committed his 2016 robbery while on supervised release for his 2012 federal Felon in Possession conviction. He committed the instant crime while on probation for a 2023 state Felon in Possession conviction. There is ample reason to believe he would similarly refuse to follow the Court's orders in this case.

Second, Moore is a flight risk because the weight of the evidence is against him and there is a high likelihood of conviction in this case. *See United States v. Gebro*, 948 F.2d 1118, 1122 (9th Cir. 1991) (strong evidence of guilt "makes it more likely he will flee"). This is a straightforward case in which there is no reasonable dispute as to any element of the charge. Officers observed the high-capacity firearm magazine, which is in and of itself illegal under California law, poking out of his pocket before stopping him. The firearm was recovered from Moore's person. Moore's prior convictions for crimes punishable by terms of imprisonment exceeding one year are easily provable through records, and the fact that he was in fact sentenced to terms exceeding one year twice (70 months in 2012 and 5 years in 2017) demonstrate conclusively that he had the requisite knowledge of his status. The firearm in question is a Glock, which does not produce firearms in California. An ATF nexus expert has opined that the ammunition was made outside of California. The maximum penalty for the charge in question is 15 years imprisonment, and a provisional Sentencing Guidelines calculation indicates Moore will be facing a lengthy period of incarceration. This provides him with a strong incentive to not appear in this Court.

### III.      Pretrial Services Report/Recommendation of October 25, 2024

Pretrial Services interviewed Moore on October 24, 2024, after his Initial Appearance before this Court. They analyzed Moore's ties to the community, employment history, criminal history, and other

factors.  Ultimately, Pretrial Services recommended that Moore be detained as a danger to the community.[4]

## CONCLUSION

For the foregoing reasons, there is no set of conditions that will reasonably ensure the safety of the community or ensure Moore's appearance at court proceedings.  Accordingly, the Court should order Moore detained pending trial.



DATED: October 27, 2024                                    Respectfully submitted,

                                                           ISMAIL J. RAMSEY
                                                           United States Attorney


                                                           /s/ Eli J. Cohen_____
                                                           ELI J. COHEN
                                                           Special Assistant United States Attorney

---

[4] Dkt. 8, p. 11.

UNITED STATES' DETENTION MEMO                9
3:24-MJ-71520 MAG PHK