UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 24-cr-00562-JSC-1 |
|---|---|
| Plaintiff, | |
| v. | **ORDER RE: DEADLINE FOR DISCLOSURE OF *BRADY*, *GIGLIO*, *JENCKS*, AND RULE 3.8(D) MATERIAL** |
| DONTE MARK MOORE, | |
| Defendant. | Re: Dkt. No. 43 |

Donte Moore has been charged with one count of felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). (Dkt. No. 1.) On March 19, 2025, Mr. Moore moved to suppress "all fruits of the unlawful search and seizure of his person." (Dkt. No. 25.) At oral argument on April 25, 2025, the Court determined an evidentiary hearing was required on Mr. Moore's motion to suppress. The hearing is set for June 23, 2025. (Dkt. No. 39.)

On May 6, 2025, Mr. Moore "move[d] this Court for an order imposing pre-hearing deadlines requiring the government to disclose all *Brady*, *Jencks*, and *Giglio* materials by May 30, 2025, or within 48 hours of receipt for materials received by the government after that date." (Dkt. No. 43 at 1.) "The government opposes the issuance of such an order." (Dkt. No. 44 at 1.) Having carefully considered the parties' briefing, the Court concludes oral argument is not required[1], *see* N.D. Cal. Civ. L.R. 7-1(b), and GRANTS in part Mr. Moore's motion.

The government states it "will comply with all of its disclosure obligations under *Brady*, *Giglio*, *Jencks*, Rule 3.8, and Rule 26.2." (Dkt. No. 44 at 2.) In doing so, the government must comply with the corresponding requirement that such disclosures be timely. *See, e.g.*, California

---

[1] This is consistent with Mr. Moore's request. (Dkt. No. 43 at 1 ("Mr. Moore respectfully requests that the Court grant his motion on the papers.")).

1  Rule of Professional Conduct 3.8(d) (requiring "timely disclosure to the defense"); U.S.
2  Attorneys' Manual 9-5.001(D)(1) ("Exculpatory information must be disclosed reasonably
3  promptly after it is discovered."); *United States v. Davenport*, 753 F.2d 1460, 1462 (9th Cir. 1985)
4  ("Disclosure . . . must be made at a time when the disclosure would be of value to the accused.").
5  None of these authorities Mr. Moore identifies require the imposition of a deadline or cut-off date
6  to implement the "timely" requirement, especially the deadline Mr. Moore proposes.

7  The cases Mr. Moore cites do not persuade the Court otherwise. For example, in *United*
8  *States v. Daniels*, No. 24-cr-35-JSC, the Court granted the parties' stipulation to require
9  disclosures by November 5, 2024 (Dkt. No. 49)—seven days before the evidentiary hearing set for
10 November 12, 2024. (Dkt. No. 46.) Here, in contrast, the government opposes Mr. Moore's
11 request to set a disclosure deadline for 24 days before the evidentiary hearing. Other cases Mr.
12 Moore cites involved circumstances not present here. *See, e.g.*, *United States v. Cerna*, 633 F.
13 Supp. 2d 1053, 1063 (N.D. Cal. 2009) (setting disclosure schedule for non-*Jencks Brady* material
14 prior to trial, in part to "to protect witnesses, most particularly civilian witnesses, from retaliation
15 for testifying"); *United States v. Walker*, No. 17-CR-00570-EMC-1, 2018 WL 3023518, at *2
16 (N.D. Cal. June 18, 2018) (concluding "case management needs will be served by setting a
17 disclosure deadline three weeks before trial for reasons particular to this case" including that the
18 "case is rapidly running up against a speedy trial deadline"); *United States v. Diaz*, No. CR 05-
19 0167WHA, 2008 WL 360582, at *6 (N.D. Cal. Feb. 8, 2008) (setting disclosure schedule for non-
20 *Jencks Brady* material before trial when "the government's proposed *Brady* disclosure plan would
21 be unfair (as not supplying adequate lead time) and would lead to jury confusion and frustration
22 (due to an inordinate number of continuances and/or witness recalls)"); *United States v. Burns*,
23 No. CR 16-132 CRB, Dkt. No. 24 (N.D. Cal. Jan. 4, 2017) (stipulation to disclose materials a
24 month before trial).

25 All that being said, when the government represents it will make "timely" disclosures, it
26 does not address Mr. Moore's arguments regarding the need for continuances if the disclosures are
27 not made in advance of the evidentiary hearing. And, it also does not advance any prejudice
28 arguments, other than that Mr. Moore's proposal sets too early a deadline. Given the government

1  agreed to make disclosures one week before the motion to suppress evidentiary hearing in *United
2  States v. Daniels*, 24-cr-35 JSC, a similar deadline is appropriate here and will facilitate the timely
3  resolution of Mr. Moore's motion.
4      For the reasons stated above, Mr. Moore's motion is GRANTED in part.  The government
5  shall make its required disclosures by June 16, 2025, or within 48 hours of receipt for materials
6  received by the government after that date.
7      This Order disposes of Docket No. 43.
8      **IT IS SO ORDERED.**
9  Dated: May 12, 2025

JACQUELINE SCOTT CORLEY
United States District Judge

3